IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**WILBERT MCKREITH,**

    **Plaintiff,**

v.                                          Civ. Action No. 1:19-CV-106
                                                                               (Kleeh)

**UNITED STATES OF AMERICA,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 43], OVERRULING OBJECTIONS [ECF NO. 45], AND GRANTING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT [ECF NO. 34]**

Pending before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Michael J. Aloi (the "Magistrate Judge"). For the reasons discussed herein, the Court adopts the R&R.

**I.    PROCEDURAL HISTORY**

On May 13, 2019, Plaintiff Wilbert McKreith ("Plaintiff") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi for initial review. Upon review, the Magistrate Judge determined that Plaintiff was attempting to raise both a <u>Bivens</u> and a Federal Tort Claims Act ("FTCA") claim. Plaintiff ultimately filed an Amended FTCA complaint and indicated that he did not wish

Case 1:19-cv-00106-TSK   Document 47   Filed 09/14/20   Page 2 of 11 PageID #: 417

MCKREITH V. USA                                                    1:19-CV-106

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 43], OVERRULING OBJECTIONS [ECF NO. 45], AND GRANTING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT [ECF NO. 34]**

to pursue a Bivens complaint. On January 30, 2020, the Defendant, the United States of America ("Defendant"), filed a Motion to Dismiss Or, in the Alternative, for Summary Judgment [ECF No. 34]. The motion was fully briefed. On July 23, 2020, the Magistrate Judge entered the R&R [ECF No. 43]. Plaintiff filed objections on August 3, 2020 [ECF No. 45].

## II.   THE REPORT AND RECOMMENDATION

The Magistrate Judge recommended in his R&R that the Court dismiss the Amended Complaint. The R&R also informed the parties that they had fourteen (14) days from the date of service of the R&R to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection." It further warned them that the "[f]ailure to file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." The docket reflects that the Petitioner accepted service of the R&R on July 29, 2020. See ECF No. 46. He filed objections on August 3, 2020.

## III. STANDARD OF REVIEW

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt,

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 43], OVERRULING OBJECTIONS [ECF NO. 45], AND GRANTING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT [ECF NO. 34]**

without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). "When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D.W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (emphasis added)).

## IV. OBJECTIONS

Plaintiff says that he objects to "all portions" of the R&R. While this alone is not specific enough to warrant de novo review, Plaintiff proceeds to list certain specifics:

- That "the United States of America has fail in its entirety the evidence or any evidence that the Plaintiff was found in possession of destroyed government property, refused any orders, was ever out of control toward staff, or that he was disruptive, insolent, or threatening";

Case 1:19-cv-00106-TSK   Document 47   Filed 09/14/20   Page 4 of 11  PageID #: 419

**MCKREITH V. USA**                                                1:19-CV-106

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 43], OVERRULING OBJECTIONS [ECF NO. 45], AND GRANTING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT [ECF NO. 34]**

- That there was "no justification for placing [him] in 4-days of restraints";

- That "the United States of America has also fail to mention a factual history, that [he] . . . and his cell-mate were both taken out of the cell and place in two separate SHU holding cell during a cell search, at which time the BOP staff stated they found plaintiff to be in possession of destroyed government property";

- That "Plaintiff had a cell mate on the morning of June 16, 2016 in SHU at USP Hazelton . . . . Judge Kleeh should note Plaintiff had a cell-mate and that is a factual history not disclosed by the Defendant"; and

- That "Defendant's motion to dismiss or motion for summary judgment should not be granted for failure to disclosed the truth to the Court that on June 16, 2016 Plaintiff along with his cell mate were removed before the SHU staff did a search of the cell."

ECF No. 45.

The Court interprets these as factual objections. Plaintiff argues that there is no evidence that he was in possession of government property, refused any orders, was out of control toward staff, or was disruptive, insolent, or threatening; therefore, there was no justification for placing him in restraints for four days. He also argues that he had a cellmate when he was removed from his cell and placed in SHU. Plaintiff makes no objection to

Case 1:19-cv-00106-TSK   Document 47   Filed 09/14/20   Page 5 of 11   PageID #: 420

MCKREITH V. USA                                                1:19-CV-106

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 43], OVERRULING OBJECTIONS [ECF NO. 45], AND GRANTING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT [ECF NO. 34]**

the R&R's description or application of the law.

## V.   DISCUSSION

After reviewing for clear error and finding none, the Court adopts and incorporates by reference all portions of the R&R to which no objection — or an objection too vague — was made. Plaintiff's objections do not concern the Magistrate Judge's legal conclusions that constitutional claims are unrecognizable under the FTCA and that any claims not raised in Plaintiff's administrative claim may not be raised in this lawsuit. Therefore, Plaintiff's constitutional claims and negligence claims must fail. The only remaining claims are Plaintiff's allegations of intentional tort.

In Plaintiff's Response to Defendants' motion, Plaintiff alleges that BOP staff committed an "intentional tort." ECF No. 39 at 5-6. The Court agrees with the Magistrate Judge that a review of Plaintiff's Standard Form 95 Claim Form, liberally construed, indicates that Plaintiff is alleging that an intentional act occurred on June 16, 2016, when BOP staff applied force and full restraints in the absence of a violation or infraction. He also alleges that BOP staff gave false statements to justify the application of restraints.

The intentional tort exception to the FTCA provides:

Case 1:19-cv-00106-TSK   Document 47   Filed 09/14/20   Page 6 of 11 PageID #: 421

**MCKREITH V. USA**                                                    1:19-CV-106

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 43], OVERRULING OBJECTIONS [ECF NO. 45], AND GRANTING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT [ECF NO. 34]**

> The provisions of this chapter and section 1346(b) of this title shall not apply to — (h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: *Provided*, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For purposes of this subsection, "investigative or law enforcement officers" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

28 U.S.C. § 2680. Under this exception, the United States is not liable for the intentional torts of its employees unless those acts are committed by law enforcement officers of the United States. Correctional officers are considered "law enforcement officers" pursuant to 28 U.S.C. § 2680(h). See Ortiz v. Pearson, 88 F. Supp. 2d 151, 164 (S.D.N.Y. 2000). However, the "actions underlying intentional tort allegations described in § 2680(h), if authorized and implemented consistent with federal law and the Constitution of the United States, may be considered discretionary functions under § 2680(a), even if they would otherwise constitute actionable torts under state law." Medina v. United States, 259

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 43], OVERRULING OBJECTIONS [ECF NO. 45], AND GRANTING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT [ECF NO. 34]**

F.3d 220, 225 (4th Cir. 2001) (citing Jackson v. United States, 77 F. Supp. 2d 709, 714 (D. Md. Dec. 22, 1999)). "[I]f a defendant can show that the tortious conduct involves a 'discretionary function,' a plaintiff cannot maintain an FTCA claim, even if the discretionary act constitutes an intentional tort under § 2680(h)." Santos v. United States, No. 05-60237, 2006 WL 1050512, at *3 (4th Cir. Apr. 21, 2016) (citing Gasho v. United States, 39 F.3d 1420, 1435 (9th Cir. 1994)).

The "discretionary function exception" includes:

> [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). The exception "insulates the United States from liability for its agents' and employees' performance of duties involving discretionary decisions." Williams v. United States, 50 F.3d 299, 308 (4th Cir. 1995). The purpose of this exception, as the Supreme Court of the United States has explained, is to "prevent judicial 'second-guessing' of legislative and

Case 1:19-cv-00106-TSK   Document 47   Filed 09/14/20   Page 8 of 11 PageID #: 423

**MCKREITH V. USA**                                                    **1:19-CV-106**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 43], OVERRULING OBJECTIONS [ECF NO. 45], AND GRANTING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT [ECF NO. 34]**

administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 814 (1984).

In deciding whether the discretionary function exception applies, courts apply a two-step test. "First, the Court must consider the nature of the conduct and determine whether it involves an 'element of judgment or choice.'" Little v. United States, No. 5:11CV41, 2014 WL 4102377, at *5 (N.D.W. Va. Aug. 18, 2014) (citing United States v. Gaubert, 499 U.S. 315, 322 (1991)). "If a statute or regulation mandates a certain course of action, there is no element of discretion." Id. (citing Branch v. United States, No. 2:05cv423, 2006 WL 1770995, at *3 (E.D. Va. June 22, 2006)). On the other hand, conduct is discretionary if the actor is entrusted to exercise judgment or choice. Gaubert, 499 U.S. at 322–23. The second step is to "determine whether that judgment is grounded in considerations of public policy." Little, 2014 WL 4102377, at *5. Finally, the plaintiff bears "the burden of proof to show an unequivocal waiver of sovereign immunity exists and to show that none of the FTCA's waiver exceptions apply." LeRose v. United States, 285 F. App'x 93, 96 (4th Cir. 2008).

The Court agrees with the Magistrate Judge that the record

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 43], OVERRULING OBJECTIONS [ECF NO. 45], AND GRANTING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT [ECF NO. 34]**

does not support Plaintiff's version of events,[1] and the alleged intentional conduct falls under the discretionary function exception to the FTCA. Plaintiff has failed to overcome the sworn affidavit of Stephanie Morris describing the incident regarding Plaintiff's continued resistance and threats after BOP SHU staff attempted to gain control over him [ECF No. 35-2] and the DVD video evidence produced, which indicates that the use of force and restraint techniques were applied in a good-faith effort to maintain or restore discipline, not to maliciously or sadistically cause harm.

The actions taken by BOP staff involved an element of judgment or choice in deciding how to respond to Plaintiff's behavior. Plaintiff's behavior created a potentially dangerous situation, interfering with the BOP's duty of care under 18 U.S.C. § 4042 to "provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States[.]" As the Magistrate Judge discussed, the statute sets forth no particular conduct that BOP personnel should engage in or avoid

---

[1] "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." See Scott v. Harris, 550 U.S. 372, 380 (2007).

Case 1:19-cv-00106-TSK   Document 47   Filed 09/14/20   Page 10 of 11   PageID #: 425

**MCKREITH V. USA**                                                          **1:19-CV-106**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 43], OVERRULING OBJECTIONS [ECF NO. 45], AND GRANTING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT [ECF NO. 34]**

while attempting to fulfill their duty to protect inmates. Plaintiff has not met his burden to show that the discretionary function exception does not apply. The Court finds that this concern is based in public policy. For these reasons, the discretionary function exception applies, and the Court does not have jurisdiction over this claim.

## VI.   CONCLUSION

For the reasons discussed above, the R&R is **ADOPTED** [ECF No. 43]. Petitioner's objections are **OVERRULED** [ECF No. 45]. Defendant's Motion to Dismiss Or, in the Alternative, for Summary Judgment [ECF No. 34] is **GRANTED**. The Amended Complaint is **DISMISSED** as follows: any negligence claims are dismissed **WITHOUT PREJUDICE,** any constitutional claims are dismissed **WITH PREJUDICE**, and any intentional tort claims are dismissed **WITH PREJUDICE** for lack of jurisdiction. The Court further **ORDERS** that this matter be **STRICKEN** from the Court's active docket and **DIRECTS** the Clerk to enter a separate judgment order.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to the pro se Petitioner via certified mail, return receipt requested, and to counsel of record via email.

DATED: September 14, 2020

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 43], OVERRULING OBJECTIONS [ECF NO. 45], AND GRANTING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT [ECF NO. 34]**

/s/ Thomas S. Kleeh\
THOMAS S. KLEEH\
UNITED STATES DISTRICT JUDGE